# THE VILLAGE OF DEPOSIT, RESPONDENT, *v.* JAMES A. VAIL, APPELLANT.

*Inferior local court — what is — Police Court — chap.* 330 *of* 1873 — *State Constitution,* § 19, *art.* 6 — *constitutional question — who may raise — Repeal of statute by implication — not favored — especially when passed at same session of the legislature.*

*Semble,* that section 1, title 4, of chapter 330, of the Laws of 1873, amending the charter of the village of Deposit (which village lies partly in Broome and partly in Delaware county), and providing that "said police justice shall have jurisdiction in both civil and criminal actions * * * and have the same power, and be subject to the same duties and liabilities * * * as are possessed by justices of the peace in this State, and his acts shall be entitled to full credit, and be effectual, in each of the counties of Broome and Delaware," limits the jurisdiction of the justice to the village of Deposit, and creates an "inferior local court," within the meaning of section 19, article 6, of the State Constitution.

If such is not the proper construction of the act, the defendant, being a resident of the village, could not raise the objection that the authority given to the officer was not confined to the village boundaries.

Effect of unconstitutional provisions in an act containing other and legal provisions, where the two are not inseparably connected, discussed.

Chapter 330, of 1873, was not repealed by chapter 820, of 1873.

THIS is an appeal by the defendant, from a judgment rendered against him by Ellicott Evans, police justice of the village of Deposit, in favor of the plaintiff, upon the verdict of a jury, for $100 damages, the amount of two penalties of fifty dollars each, for violation of the excise laws of this State, besides costs.

The following opinion was delivered in the County Court:

EDWARDS, County Judge:

The defendant had no license. It was proved, and not disputed, that, on or about the 11th and 18th days of February, 1874, he sold and delivered, and received pay for, what the witnesses, on the part of the plaintiff, testify was strong and spirituous liquor, which would intoxicate, and which the defendant testified was Mishler's bitters, which he also testified was intoxicating, as did also Mr. Brown, recalled by him. I have carefully examined the return, and do not think any errors were committed by the justice in the admission or rejection of evidence, which

were prejudicial to the defendant, nor in the charge of the court to the jury, which was within the decision of the Court of Appeals, in the case of *The Board of Commissioners of Excise of Tompkins County* v. *Taylor* (21 N. Y., 178). The evidence was sufficient to warrant the verdict, and the judgment must be affirmed, unless, for other reasons urged by the defendant, it should be reversed.

The other grounds relied upon by the defendant for a reversal of the judgment, are :

1. That the act of 1873 (chap. 330, Laws of 1873), so far as it creates and defines the powers of the Police Court of the village of Deposit, is unconstitutional and void; and,

2. That the action could only be maintained by the overseers of the poor of the town of Sanford.

The office of police justice of the village of Deposit was created by an act of the legislature, passed April 29, 1873, entitled, "An act to amend the charter of the village of Deposit, situated partly in the town of Sanford, Broome county, and partly in the town of Tompkins, Delaware county, and to revise and compile the several acts relative to said village." (See chap. 330, Laws of 1873.)

The authority under which such courts are established is contained in section 19 of article 6 of the Constitution, which provides that "inferior local courts of civil and criminal jurisdiction may be established by the legislature." The first section of title 1 of the act referred to, among other things, defines the boundaries of the territory embraced within the corporate limits of the village, which lies partly in the town of Sanford, in the county of Broome, and partly in the town of Tompkins, county of Delaware. Section 1 of title 2 creates the offices, gives names to them, fixes terms of office, etc. ; and among the officers of the village thus enumerated is the police justice. Section 1 of title 4, after fixing the term of office of the police justice, and requiring that within thirty days after election, and before entering upon the duties of his office, he shall take and file an oath of office, and that said oath, or a certified copy thereof, shall be filed in the clerk's office of the county of Delaware, and in the clerk's office of the county of Broome, and in the clerk's office of said village, further provides as follows: "Said police justice shall have jurisdiction in both civil and criminal actions,

and to entertain suits and proceedings to recover penalties under this act, or any by-law or ordinance made in pursuance thereof, and have the same power, and be subject to the same duties and liabilities, and shall receive the same fees, and compensation, and shall have the same power and authority in and about the acknowledgment and verification of deeds and other instruments in writing, as are possessed by justices of the peace in this State, and all of his acts shall be entitled to full credit and be effective in each of the counties of Broome and Delaware, after he has filed therein, as aforesaid, his oath of office. All actions brought before him against residents of the county of Broome or Delaware may be commenced by long summons." It is claimed by the defendant that the territorial jurisdiction of the police justice, by the provisions of this section, is limited only by the boundaries of the counties of Broome and Delaware, and, therefore, that the court created is not an "inferior local court," within the intent and meaning of the Constitution, but of the same general character as Justices' Courts, with a more extended jurisdiction; and that its creation is an evasion and in violation of the Constitution. In considering this important question, some well established principles, by which courts are governed in determining such questions, must be kept in view, among which we may mention: 1st. That these inferior local courts have only such jurisdiction and can exercise only such powers as are *expressly* given or *necessarily* implied; so that reasonable doubts as to the extent of jurisdiction are solved against the corporation and in favor of the legislative action. (1 Dillon on Corporations [2d ed.], 449; Cooley's Const. Limitations, 182.) 2d. In the exposition of a statute, it is the duty of courts to seek to ascertain and carry out the intention of the legislature in its enactment, and to give full effect to such intention; and they are bound so to construe the statute, if practicable, as to give it force and validity rather than to avoid and render it nugatory. (*Clarke* v. *City of Rochester*, 24 Barb., 471; *People* v. *Supervisors*, 17 N. Y., 241.)

That the legislature intended to give the police justice authority, at least within the limits of the corporation, is not questioned in this case, and is plainly manifest from the provision of the act. The provision in section 1 of title 4, that "said police justice shall have jurisdiction in both civil and criminal actions," standing alone,

has the same and no greater force than it would have if it read "said police justice shall have, *within said village,* jurisdiction in both civil and criminal actions," because it neither expressly nor impliedly confers any powers outside of the village.

The next provision necessary to notice is that which declares that the police justice " shall have the same power and be subject to the same duties * * * and shall have the same power and authority in and about the acknowledgment and verification of deeds * * * as are possessed by justices of the peace in this State." The word " power," as first used in this provision, undoubtedly means *legal authority,* and when used as here in reference to the authority of a magistrate, may have reference to the subject-matters, persons or territory within his jurisdiction, or all of them. It is not declared that the police justice shall have the same powers as are possessed by a justice of the peace of the town of Sanford, or of the town of Tompkins, or of both combined, nor of any or all the justices of the peace in Broome and Delaware counties, but such as " are possessed by justices of the peace in this State." This language was employed, I think, to define the *nature* of the powers of the police justice, and shows the extent of his jurisdiction in respect to the subject-matters of which he might take cognizance, the language being used to confer that, and only that power and authority which is common to all justices of the peace in the State. I do not think it was intended, by the words used, to give him the same authority throughout Broome county that a justice of the peace of that county possesses, nor the same authority throughout Delaware county that a justice of the peace in that county possesses; nor do the words in the next sentence, which declare that " all his acts shall be entitled to full credit and be effective in each of the counties of Broome and Delaware," disclose an intention to give him authority throughout those counties, as is claimed by the defendant.

The village lies partly in the one and partly in the other of the two counties, while the officer must reside in one or the other. The acts referred to mean, of course, his lawful acts ; and, owing to the peculiar location of the village, it was proper to declare that his acts should be entitled to full credit, and be effective in each of the counties, just as they would have been in either of those counties

without such declaration, had the entire village been within the
limits of such county. I am of opinion, therefore, that the objec-
tion of the defendant, that the provisions of the act defining the
authority of the police justice are in violation of the Constitution,
is not well taken. But if I am wrong in this conclusion, and the
legislature did in fact intend to give the police justice a more
extended jurisdiction than is authorized, I do not see how the
defendant can take advantage of it. He was a resident of the vil-
lage, and the acts complained of were there committed. It cannot
be doubted that the legislature had the power to confer upon the
officer the authority *within the village* which the act gives him;
and if, by the act, his authority is not limited by the boundaries of
the corporation, so that in respect to the powers conferred outside
the village, the act would be void, it would still, in my judgment,
be valid so far as to authorize the exercise of the powers granted
within the corporation limits. The question in such a case is,
whether the constitutional and unconstitutional provisions are
inseparably connected, *not in the same section, but in substance.*
(Cooley's Const. Lim., 178.) Here the valid provisions and those
claimed to be void are distinct and separable, as plainly so as a
boundary line separates contiguous territory.

Was this action maintainable by the village of Deposit, or were
the overseers of the poor required to bring it? The act in ques-
tion was passed April 29, 1873, and took effect immediately. On
the 23d day of June, 1873, at the same session, a general act was
passed (chap. 820, Laws of 1873), amending section 22 of the act
of 1857, entitled "An act to suppress intemperance, and to regu-
late the sale of intoxicating liquors," by providing that "the
penalties imposed by that act, except those provided for by sections
15 and 19, shall be sued for and recovered   *   *   *   by and in
the name of the overseers of the poor of the town in which the
alleged penalty was incurred;" and it is claimed by the defendant
that this latter act worked a repeal of the former, so far as the
former act authorized the penalties to be sued for and recovered
by the village of Deposit as plaintiff. The former act is nowhere
mentioned in the latter, and if there has been any repeal, as
is claimed, it is by implication. It is a maxim in the construction
of statutes, that the law does not favor a repeal by implication,

and this is especially the case where the former is a special act passed for the benefit of a particular municipality. (Dillon on Municipal Corp. [2d ed.], § 54; *Town of Ottawa* v. *County of La Salle*, 12 Ill., 339, and cases cited.) Again, as before observed, these acts were both passed at the same session; they were both before the legislature at the same time, and the general law should not be held to repeal the special one by implication, under such circumstances. (*McFarland* v. *State Bank*, 4 Pike, 410; *Village of Cohoes* v. *Moran*, 25 How., 385.) For these reasons I am of the opinion the action was properly brought in the name of the village of Deposit.

It follows from the foregoing conclusions that the judgment of the Police Court must be affirmed.

*A. C. Moses*, for the appellant. "It is beyond question the duty of courts, in construing statutes, to give effect to the intent of the law-making power, and seek for that intent in every legitimate way. But in the construction both of statutes and contracts, the intent of the framers and parties is to be sought, first of all, in the words and language employed; and if the words are free from ambiguity and doubt, and express plainly, clearly and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation, and, when the words have a definite and precise meaning, to go elsewhere in search of conjecture, in order to restrict or extend the meaning. Courts cannot correct supposed errors, omissions or defects in legislation. The office of interpretation is to bring sense out of the words used, and not bring a sense into them." (*McClusky* v. *Cromwell*, 1 Kern., 601, W. F. ALLEN, J.; *Newell* v. *The People*, 3 Seld., 97.)

*Alex. Cumming* and *T. & A. More*, for the respondent. The jurisdiction of the police justice is limited to the corporation. The jurisdiction of a police justice in an incorporated village is sufficiently defined and limited, within the intent of the Constitution, by giving him that of a justice of the town in which such village is situated, and restricting its exercise to the limits of the village. (*Brandon* v. *Avery*, 22 N. Y., 469; *Sill* v. *Village of Corning*, 15

id., 297; *Waters* v. *Langdon*, 40 Barb., 408; *Dawson* v. *Horan*, 51 id., 459; *People ex rel. Creegan* v. *Dutcher*, 4 N. Y. S. C. [T. & C.], 391.) It is a well established rule, that courts are bound to construe statutes so that they shall have effect, and, if they are susceptible of two constructions, that shall be given them which carries out the object of the statute and gives it effect, and not that which makes it void. (*People ex rel. Williamson* v. *McKinney*, 52 N. Y., 374, 383; *Roosvelt* v. *Godard*, 52 Barb., 533; *People* v. *Supervisors of Orange*, 17 N. Y., 241; *Clark* v. *Rochester*, 24 Barb., 471; Cooley's Const. Lim., 184, 185.) "That is not within the statute that is not within the intent, though within the letter." (*People* v. *Utica Ins. Co.*, 15 Johns., 353; *Jackson* v. *Collins*, 3 Cow., 89.) It is well settled: "If when the unconstitutional portion of a statute is stricken out, that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must stand." (Cooley's Const. Lim., 178; *People* v. *Rochester*, 50 N. Y., 525; *People* v. *Bull*, 46 id., 66.) This police justice was an officer *de facto*, if not *de jure*, and neither his acts nor authority can be inquired into in a collateral proceeding. (*People ex rel. Coyle* v. *Sherwood et al.*, 4 N. Y. S. C. [T. & C.], 34; *People* v. *White*, 24 Wend., 525; *Nelson* v. *People*, 23 N. Y., 296; *McInstry* v. *Tanner*, 9 Johns., 135.) A general act repealing all acts contrary to its provisions, does not repeal a clause in the charter of a municipal corporation on the same subject. (*State* v. *Brannin*, 3 Zab. [N. J.], 484; *State* v. *Morristown*, 33 N. J. Law, 57; *Jersey City* v. *Railroad*, 20 N. J. Eq., 360; *Ottawa* v. *County*, 12 Ill., 339.)

The following opinion was delivered at General Term:

BY THE COURT:

The carefully considered opinion of Judge EDWARDS, when deciding this case in the County Court, disposes correctly, as we think, of the various objections and exceptions of the defendant. For the reasons therein given, we think the action was properly brought in the name of the village, as plaintiff; that the police justice had jurisdiction to hear and determine the action; that the charter of 1873 of the village was valid and constitutional in its provisions for an election of a police justice, so long as such

justice acted within the jurisdiction for which he was elected; that the subsequent excise law of 1873, giving rights of action for penalties to overseers of the poor, did not by implication repeal the provisions in that behalf of the charter, and that the cause of action was established by competent and sufficient evidence.

The judgment of the County Court of Broome county is therefore affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed, with costs.